Edna JOHNSON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. FS–158.

United States District Court
D. Kansas.

June 26, 1958.

Leslie H. Cable, Chanute, Kan., for plaintiff.

William Farmer, U. S. Atty., Topeka, Kan., Milton P. Black, Asst. U. S. Atty., Kansas City, Kan., for defendant.

EUGENE RICE, District Judge.

After a pre-trial conference at Fort Scott, Kansas, on the 28th day of April, 1958, the attorneys for the parties submitted the case upon an agreed statement of facts. The Court finds the facts to be as agreed upon by the parties and as follows:

1. Lewis A. Johnson, while serving in the Armed Forces of the United States, and on the effective date of January 1, 1948, was issued a Veterans Administration National Service Life Insurance Certificate No. N 20 648 436, in the amount of $5,000, and his mother, plaintiff herein, was the designated beneficiary, and no change in beneficiary has been made.

2. Lewis A. Johnson was honorably discharged on December 19, 1951. Premiums in the amount of $3.20 per month were paid through January 31, 1952.

3. In the calendar years 1948, 1949, and 1950, the veteran paid 36 monthly premiums on which a 1951 special dividend totaling $90 was declared and became payable on January 1, 1951, but was never paid to the veteran.

4. The 1952 regular or annual dividend, in the sum of $30, was earned on the insurance by reason of payment of premiums in 1951. This dividend, plus interest thereon, was retained by the Veterans Administration pursuant to the terms of Public Law 36, 82nd Congress, *infra*, to pay the premiums due on his insurance not otherwise timely paid.

5. The premiums were paid from the 1952 dividend credited to Lewis A. John-

son in the net amount of $30.40, which credits kept the insurance in force through October 31, 1952, leaving a balance of $1.60 from the 1952 dividend; the thirty day grace period extended to November 31, 1952.

6. The insured died December 14, 1952, at Chanute, Kansas. He received no notice that the funds of the 1952 dividend remaining in the hands of the defendant were inadequate for the November payment and the defendant did not pay him said balance of $1.60.

7. The following correspondence was had between the insured and the defendant:

Letter from Lewis A. Johnson to Veterans Administration:

"April 8, 1952

"I am writing in regards to the dividends on my NSLI policy. I am now out of the service, but I have never received any dividends.

"The effective date of my policy was January 1, 1948, it terminated December 19, 1951. The policy number was N20-648-436. Amount of policy was $5,000.

"To the best of my knowledge, I paid premiums up until the day that it terminated."

Letter from Veterans Administration to Lewis A. Johnson:

(a) "April 12, 1950

"We have processed your application for a Special Dividend on your National Service Life Insurance and our records show that no dividend is payable on the policy bearing the number given above.

"The special dividend is payable only on policies bearing effective dates on or before December 31, 1947. Since this policy bears an effective date after December 31, 1947, it is not eligible to participate in this dividend."

(b) "April 23, 1952

"We are unable to give you the information requested in your letter postmarked April 9, 1952, because your records are not located in this office at the present time. It will greatly assist us if you will write this office giving your serial number and the date of discharge from active service."

(c) "September 30, 1952

"A review of your records shows that your 1951 special dividend was authorized for payment by Central Office, Washington, D. C., and further action has been taken to secure information relative to the payment of this dividend."

(d) "November 5, 1952

"Action has been taken to investigate the non-payment of your 1951 dividend. When this information is received you will be further advised."

(e) "December 18, 1952

"Action has been taken to have your 1951 dividend paid to you in cash. A check will be issued by the Treasury Department, and you should receive it within the next 30 days.

"Unless a specific request for disposition of the 1952 dividend is received the amount is held as a credit to an account to be applied to pay any premium becoming due and unpaid at the expiration of the 31-day grace period. We have no record in this office of a previous request having been received.

"If you wish the dividend paid to you in cash, please advise this office over your signature."

(f)

On January 28, 1953, a letter was sent to the veteran's father by the Denver District Office in which he was notified concerning the action taken with respect to the 1952 dividend and informed that the application of the dividend credit paid for insurance protection only through October 31, 1952, and that the insurance lapsed on November 1, 1952,

and was not in force when the veteran died.

8. Said 1951 dividend was in the amount of $90 and this, together with the balance of $1.60 remaining from the 1952 dividend constituted a total sum of $91.60 standing to the credit of the insured on the date of his death; and said sum were funds directly related to the insurance and were under the control of the Veterans Administration.

9. Public Law 36 was amended by the 82nd Congress and approved May 18, 1951, wherein the following proviso was added to Section 602(f):

*"Provided further*: That until and unless the Veterans Administration has received from the insured a request in writing for payment in cash, any dividend accumulation and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable after January 1, 1952." 38 U.S.C.A. § 802(f).

Veterans Administration Regulation 3426.1 entitled "Special Dividends" promulgated April 29, 1949 (14 F.R. 2832, 38 CFR 1949 Cum. Supp. 8.26(a)) provides:

"Any special National Service Life Insurance dividend that may be declared shall be paid in cash only. Such special dividends shall not be accepted to accumulate on deposit. Unpaid special dividends shall not be available to pay premiums."

Following the enactment of Public Law 36, the foregoing regulation was amended on March 19, 1952 (17 F.R. 2363, 38 CFR 8.26a, 1956 Revision) to read as follows:

"Any special National Service Life Insurance dividend declared prior to January 1, 1952, shall be paid in cash only. Such special dividends shall not be accepted to accumulate on deposit and shall not be available to pay premiums."

10. The policy in question was issued to the insured under the authority of the National Service Life Insurance Act of 1940, and said act and all amendments thereto and the regulations lawfully promulgated thereunder, together with the policy, constitute the contract of insurance.

11. A formal claim by the beneficiary, plaintiff herein, for payment was filed with the Veterans Administration at the District Office in Denver, Colorado, which claim was denied.

12. From such denial a formal appeal from the order was filed with the Board of Veterans Appeals, Central Office Veterans Administration, Washington, D. C. Under date of November 3, 1953, the said Board of Appeals affirmed the action of the District Office at Denver, Claims Division. The findings and order are as follows:

"Veterans Administration
"Board of Veterans Appeals
"Edna Johnson  Johnson, Lewis Allen
"1511 South      Claim No. XC–16 865
   Evergreen         179
"Chanute, Kansas

Docket No. 243 355
"Nat'l Serv. Life Ins. Act 1940, as amended, Contract Denied

*"Question at Issue*:

"Application of 1951 special dividend to pay premiums on National Service Life Insurance

*"Contentions*: It is contended that a 1951 special dividend not paid to the veteran at the time of his death must be applied to pay premiums on the insurance contract under the provisions of Public Law 36, 82nd Congress.

*"Outline of Material Evidence:* The veteran entered active service on December 20, 1947, and was discharged on December 19, 1951. He applied for and was granted $5,000.00 National Service Life Insurance effective January 1, 1948, designating Edna Johnson, mother, as principal beneficiary and Leslie W. Johnson, father, as contingent beneficiary. Monthly premiums of $3.20 were deducted from his service pay. No premium payments were made by the veteran subsequent to discharge, the last premium

deducted from service pay keeping the insurance in force through January 31, 1952.

"The veteran died on December 14, 1952. At the time of his death, payment of a 1951 special dividend in the amount of $90.00, and of a 1952 regular dividend which had become due on the anniversary date of the contract, January 1, 1952, in the amount of $30.00 had not been made. It was determined that the 1952 regular dividend must be applied as premiums on the contract since the veteran had not requested payment in cash. This paid premiums through October 31, 1952, the insurance lapsing on November 1, 1952. Governing regulations precluded application of the 1951 special dividend in this manner, and the present appeal is based on the failure of the Veterans Administration to do so and thereby place the insurance in force as of the date of the veteran's death.

"*Essential Elements For Intitlement* [sic]: Section 602(f) of the National Service Life Insurance Act of 1940, as amended provided that dividend payments could be made under regulations promulgated by the Administrator. The regulation under which the 1951 special dividend was issued specified that the dividend must be paid to the insured and could not be applied as premiums on the insurance contract.

"Public Law 36, 82nd Congress, approved May 18, 1951, added the following proviso to Section 602(f):

"*Provided further*, That until and unless the Veterans Administration has received from the insured a request in writing for payment in cash, any dividend accumulations and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable after January 1, 1952."

"*Discussion and Decision:* Public Law 36 was the subject of careful study by the Veterans Administration following its enactment, in association with its legislative history and other factors (Administrator's Decision No. 889). It was concluded that National Service Life Insurance dividends which became due and payable prior to January 1, 1952, and which were not paid prior to that date, were not subject to the provisions of Public Law 36 in that they should not be automatically applied in payment of premiums becoming due on or after January 1, 1952, where no request for cash payment was received. Accordingly, under governing precedents of the Veterans Administration, the action of the agency or original jurisdiction with respect to disposition of the 1951 special dividend in this case was correct.

"The appeal is denied and this decision constitutes final administrative denial of the claim.

"/s/ R. S. Trimble
"R. S. Trimble
"Associate Member

/s/ M. L. Minthorn
M. L. Minthorn, M. D.
Associate Member

"/s/ A. B. Heitz
"A. B. Heitz
"Associate Member"

13. Following the institution of this suit, this matter was reviewed by the Deputy Chief Insurance Director of the Veterans Administration and it was his ruling that the veteran's letter of April 8, 1952, constituted a request by the veteran for the payment of the dividend amounts due him and that the letter had the effect of terminating as of April 8, 1952, the option under Public Law 36, to use the 1952 dividend credit to pay premiums. The remainder of the 1952 dividend has now been credited to the account of the veteran payable to the person or persons entitled thereto.

14. The above action on the part of the Board of Veterans Appeals constituted a determination of plaintiff's claim as to constitute a disagreement between the parties within the meaning of the law; plaintiff is and was a resident of the State of Kansas at the time the instant action was filed, and the Court had juris-

diction to hear and determine the instant action.

### Conclusions of Law

The parties have filed written briefs in support of their contentions; and after a careful consideration of the stipulated facts and the law as presented in the briefs, the Court is of the opinion that the law is with the defendant. Judgment is therefore rendered for the defendant and against the plaintiff.